UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| GREAT AMERICA PAC, STOP HILLARY PAC, and RONALD R. JOHNSON, | Case No. 16-CV-795 |
| *Plaintiffs*, | |
| v. | |
| WISCONSIN ELECTIONS COMMISSION, and MICHAEL HAAS, in his official capacity as ADMINISTRATOR OF THE WISCONSIN ELECTION COMMISSION, | |
| *Defendant*, | |
| and | |
| JILL STEIN, | |
| *Intervenor*. | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT
OF MOTION FOR PRELIMINARY INJUNCTION**

In the days since this Court denied Plaintiffs' motion for a Temporary Restraining Order and the recount began, factual developments have occurred that substantially affect both this case and the nature of Plaintiffs' arguments. According to Defendant Wisconsin Elections Commission ("WEC"), as of Thursday, December 8, 2016, the overall recount is 82% complete, with 47 out of 82 counties reporting. *See* Wisconsin Elections Comm'n, *Recount Update: 82% Complete*, http://elections.wi.gov/node/4750. Petitioners are unaware of any evidence that the type of disparities in ballot counting that existed in the recount in *Bush v. Gore*, 531 U.S. 98, 106 (2000) (per curiam), occurred during the recount here. Consequently, in the interests of justice and judicial economy, Petitioners respectfully withdraw their Equal Protection claim.

1

The crux of this lawsuit, and Petitioners' pending request for a preliminary injunction, is their Due Process claim. A total of 2,975,313 votes in the Presidential election were counted in the original canvass. *See* WEC, *Canvass Results for 2016 General Election – 11/8/2016 6:00:00 AM*, http://elections.wi.gov/sites/default/files/Statewide%20Report-all%20offices.pdf. President-Elect Donald J. Trump received 1,404,000 votes, and Senator Hillary Clinton received 1,381,823 votes. *Id*.

This recount was commenced solely at the request of candidate Jill Stein, who received 31,006 votes, or 1.04% of the vote. *See* Verified Compl. ¶¶ 10(d), 12. Stein's asserted basis for seeking a recount was that she "is informed and believes that an irregularity has occurred affecting all wards in Wisconsin in the counting and return of votes cast for the office of President." Jill Stein, *Verified Petition for Recount* ¶ 2 (Nov. 25, 2016) (attached as Exh. 1).[1] She added, "In Wisconsin, there is evidence of voting irregularities in the 2016 presidential election that indicate potential tampering with electronic voting systems." *Id*. ¶ 3(e). Along with "well-documented and conclusive evidence of foreign interference in the presidential race," she contended that this evidence "call[s] into question the results and indicate the possibility that widespread breach occurred." *Id*. ¶ 3(f).

The results of the recount to date demonstrate that such concerns are meritless. According to Defendant WEC, 47 counties (well over half) conducted a recount by hand, 13 counties used a combination of optical scanners and hand recounts, and 12 counties used exclusively optical scanners. WEC, *County Recount Cost Estimates and Counting Methods*, http://elections.wi.gov/node/4481. With the recount being 82% complete, the integrity of the results of the Presidential election are only confirmed. Trump has received 495 additional votes,

---

[1] The Exhibits to the Petition have been omitted from this filing, but are available through the WEC website at http://elections.wi.gov/sites/default/files/news/wisconsin_recount_petition_of_jill_stein_00268242_12391.pdf.

Clinton has received 556 additional votes, and Stein has received 64 additional votes—well short of the 1,372,994 additional votes she would need to win the State of Wisconsin in the Presidential election. Overall, the results have changed by approximately 0.04%. The baseless allegation that irregularities affected all wards in the election, foreign interference occurred, or there was widespread tampering with voting machines, has been disproven.

In light of these developments, allowing the recount to continue will not change the outcome of the Presidential election—particularly with regard to Stein—yet would pose a serious risk to the fundamental due process right to vote of Petitioner Ronald R. Johnson and other Wisconsin voters, in two respects. ***First***, as WEC reiterates, the recount is presently scheduled to end 8:00 P.M. on Monday, December 12, the day before the "safe harbor" deadline set forth in 3 U.S.C. § 5. *See* In Re *Recount of the General Election for President of the United States Held on November 8, 2016,* Recount 16-03 (Order), http://elections.wi.gov/sites/default/files/memo/20/recount_order_president_pdf_23987.pdf. This leaves very little margin for error in case problems arise in any of the approximately 35 counties that have yet to complete their recounts. The possibility for unexpected difficulties in this massive statewide endeavor is magnified by the fact that it is being conducted at quadruple the rate of the previous statewide recount, with twice as many votes being counted in half the time as during the Prosser-Kloppenburg recount in 2011. Verified Compl. ¶ 32. Due to the extremely tight timeframe, it is unlikely that Petitioners or other rightholders could seek judicial relief in time once a problem arose to ensure the safe harbor is satisfied. As the recount to date has simply confirmed the accuracy of the previously announced outcome of the Presidential election in Wisconsin and revealed no evidence of hacking, widespread irregularities, tampering, or foreign interference, there is little need to incur this additional marginal risk by continuing further with it. To ensure compliance with the safe harbor,

the recount may be discontinued and the original election results, declaring President-Elect Donald Trump the prevailing candidate, permitted to stand.

*Second*, and perhaps more compellingly, the recount is merely a condition precedent for continuation of challenges to the results of the election that would cause the voters of the State of Wisconsin to lose the safe harbor protections of 3 U.S.C. § 5. Wisconsin law provides that, within 5 business days of a recount's completion, any candidate "aggrieved by the recount may appeal to the circuit court." Wis. Stat. § 9.01(6)(a). A "party aggrieved" by the circuit court's order then has 30 days to appeal to the court of appeals. *Id*. § 9.01(9)(a).

Stein—who has intervened in this case and is a full-party litigant before this Court—has initiated or instigated numerous recounts and judicial proceedings already concerning the 2016 election.[2] She already has filed a lawsuit in Dane County Circuit Court alleging, "Procedural

---

[2] In addition to the instant recount Petition, other proceedings initiated or instigated by Stein include:

● *Stein v. Cortes*, No. 16-CIV-6287-PD (E.D. Pa.), https://d3n8a8pro7vhmx.cloudfront.net/jillstein/pages/26798/attachments/original/1480957243/Final_PA_Federal_Complaint.pdf?1480957243—Stein filed a federal lawsuit contending that Pennsylvania votes may not have been "counted accurately" due to "foreign interference documented by American intelligence agencies and hacks of voter rolls in multiple states," and seeking a recount and forensic examination of DRE voting machines.

● In Re *2016 Presidential Election* (Pa. Commw. Ct.), http://www.pacourts.us/assets/files/setting-5258/file-5730.pdf?cb=87d892—This is an election contest brought by "100 concerned voters", subsequently dismissed, who Stein's website claims "*[t]he campaign mobilized* . . . to ask a Pennsylvania state court for a statewide recount, citing potential errors, tampering and hacking of the election." http://www.jill2016.com/parecountfilings (emphasis added). This suit was publicly announced and presented as "Stein's" recount petition.

● Allegheny County and Philadelphia Court of Common Pleas—Stein's website contends that "we" appealed rulings of the Boards of Elections, seeking orders compelling forensic examinations of DRE voting machines. http://www.jill2016.com/parecountfilings.

● Bucks County and Delaware County Court of Common Pleas (Pennsylvania)—Stein's website contends that "we" appealed rulings of the Boards of Elections refusing to hold recounts. http://www.jill2016.com/parecountfilings.

● *Stein v. Wisconsin Elections Comm'n*, No. 2016-CV-3060 (Dane Cnty. Cir. Ct.), https://d3n8a8pro7vhmx.cloudfront.net/jillstein/pages/27481/attachments/original/1480621128/Wisconsin_Summons_and_Complaint_11-28-16_(00268396x9CCC2).pdf?1480621128—Stein filed a lawsuit seeking a court order compelling a hand recount of all votes cast in the Wisconsin presidential election because the state is insufficiently protected from "cyberattacks."

safeguards used by Wisconsin and other states to protect their voting equipment are inadequate to guard against manipulation of the election outcome via cyberattack. Complaint, *Stein v. Wisconsin Elections Comm'n*, No. 2016-cv-3060, ¶ 16 (Dane Cnty. Cir. Ct.) https://d3n8a8pro7vhmx.cloudfront.net/jillstein/pages/27481/attachments/original/1480621128/Wisconsin_Summons_and_Complaint_11-28-16_(00268396x9CCC2).pdf?1480621128. She has further alleged, "A study published by Professor Walter R. Mebane of the University of Michigan finds statistical abnormalities in ward-level vote data from Wisconsin that are consistent with fraud having taken place in the 2016 presidential election." *Id.* ¶ 18. None of these allegations, of course, wound up being borne out by the results of the recount.

In Michigan, Stein already has sworn that she is "aggrieved on account of fraud or mistake" in the canvass and/or returns of the votes in the Presidential election there. Recount Petition (Mich.) (attached as Exh. 2),[3] https://d3n8a8pro7vhmx.cloudfront.net/jillstein/pages/27479/attachments/original/1480620359/Michigan_Filed_Petition_for_Recount_(00268719x9CCC2).pdf?1480620359. In short, there is every reason to believe that Stein will continue her quixotic crusade to undermine the results of the 2016 election by similarly declaring herself to be

---

● Recount Petition (Mich.), https://d3n8a8pro7vhmx.cloudfront.net/jillstein/pages/27479/attachments/original/1480620359/Michigan_Filed_Petition_for_Recount_(00268719x9CCC2).pdf?1480620359—Stein filed a recount petition in Michigan claiming she has been "aggrieved on account of fraud or mistake in the canvass of the votes by the inspectors of elections, and/or the returns made by the inspectors, and/or by the Board of County Canvassers, and/or by the Board of State Canvassers." The Michigan Court of Appeals subsequently held Stein was not an "aggrieved" candidate for purposes of Michigan law and stopped the recount, and she has sought further review in the Michigan Supreme Court.

● *Stein v. Thomas*, No. 2:16-CV-14233-MAG-EAS (E.D. Mich.), https://d3n8a8pro7vhmx.cloudfront.net/jillstein/pages/27479/attachments/original/1480793280/Complaint_for_Declaratory_and_Injunctive_Relief_-_Filed.pdf?1480793280—Stein filed a federal lawsuit seeking a court order that the Michigan recount begin immediately; the federal court vacated its TRO ordering the recount to commence after the Michigan Court of Appeal concluded Stein was not entitled to seek a recount under state law.

[3] The Exhibits to this Petition have been omitted from this filing, but are available at https://d3n8a8pro7vhmx.cloudfront.net/jillstein/pages/27479/attachments/original/1480620359/Michigan_Filed_Petition_for_Recount_(00268719x9CCC2).pdf?1480620359.

"aggrieved" by the recount's results and initiating an appeal to the circuit court upon its conclusion. Wis. Stat. § 9.01(6)(a). The deadline for filing such an appeal would most likely be December 19, *id.*, the day the electors meet to vote and after Congress' safe harbor deadline.

The safe harbor enacted by Congress provides, in relevant part, that if a state makes a "final determination of any controversy or contest concerning the appointment of all or any of the electors of such State . . . at least six days before the time fixed for the meeting of the electors," then such determination is "conclusive, and shall govern in the counting of the electoral votes . . . so far as the ascertainment of the electors appointed by such State is concerned." 3 U.S.C. § 5. The electors are required to meet to cast their ballots on December 19, making the safe harbor date December 13, 2016. Under this statute, if a "final determination" is made in all "controvers[ies] or contest[s]" concerning the appointment of electors by December 13, then Wisconsin's electors are immune from challenge, meaning the votes cast by Wisconsin voters to select those electors are fully protected and guaranteed to have legal effect.

Stein, a candidate who received 1% of the popular vote in Wisconsin's presidential election and was not awarded a single elector from any state, should not be permitted to attempt to unilaterally destroy this safe harbor protection for the votes cast by Ronald Johnson and millions of other Wisconsin voters and the electors selected pursuant to those votes.[4] Voting is a fundamental right protected by the U.S. Constitution. *See Reynolds v. Sims*, 377 U.S. 533, 561-62 (1964). *Yick Wo v. Hopkins*, 118 U.S. 356, 371 (1886). The right to vote includes not only the right to cast a ballot, but to have that ballot be "given full value and effect." *Anderson v. United*

---

[4] The Michigan Court of Appeals correctly held that Stein is not an "aggrieved" candidate for purposes of Michigan's recount statute because she has no good-faith basis for contending that further proceedings would change the outcome of the election with respect to her. *See Attorney General v. Bd. of State Canvassers & Director of Elections*, Nos. 335947, 335958, 2016 Mich. App. LEXIS 2243 (Mich. App. Dec. 6, 2016). This same reasoning should apply to Wisconsin's statute and categorically preclude her from appealing the results of the recount. Likewise, since she is not statutorily authorized to seek such relief, any such filing should not be treated as a pending "controversy or contest" that destroys 3 U.S.C. § 5's safe harbor.

6

*States*, 417 U.S. 211, 226 (1974); *see also Reynolds*, 377 U.S. at 555 (holding that a person's right to vote is "denied by a debasement or dilution of the weight of [his or her] vote just as effectively as by wholly prohibiting the free exercise of the franchise"). Allowing the recount to continue invites an all-but-certain challenge to its results that threatens to dilute the efficacy of the Wisconsin electorate's votes. The effects of their votes—their choice of electors—may diminish from being "conclusive," 3 U.S.C. § 5, to a basis for objections and political debate in Congress when the electoral votes are counted pursuant to the Twelfth Amendment, U.S. Const. amend. XII. Under the circumstances of this case, this Court should not allow a candidate who received 1% of the vote to inject such baseless uncertainty and doubt onto the results and legitimacy of the election.

For these reasons, Plaintiffs ask this Court exercise its equitable discretion to grant appropriately tailored relief, which may take the form of an order:

- directing the recount to cease either immediately, or no later than 8:00 P.M. on Monday, December 12, 2016, and deeming that the results of the original canvass stand if the recount is incomplete at such time of termination; and

- prohibiting Stein (who is a party to this case) and her agents from filing any appeal or challenge to the results of the recount without first seeking leave of this Court.

Respectfully submitted,

/s/ Jay E. Heit
Jay E. Heit
Attorney at Law
Herrick & Hart S.C.
116 W. Grand Ave.
Eau Claire, WI 54703
(715) 832-3491